FILED
MAY 2 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael Trupei,
R12743-004
FCC-Coleman Medium Security
P.O. Box 1032
Coleman, Florida 33521-1032
    Plaintiff,

vs.

UNITED STATES DEPARTMENT OF THE
NAVY, et al.,
    Defendants.

CASE NUMBER 1:06CV00978

JUDGE: Paul L. Friedman

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 05/25/2006

Jury Trial Requested

**JURY ACTION**

## "FOIA" COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF OR ALTERNATIVELY FOR JURY TRIAL, **VERIFIED**

PLAINTIFF the Michael Trupei ("Plaintiff") in the above captioned cause, appearing specially and not generally and hereby complains against the United States Department of the Navy, et al., ("Defendants") for failing to produce the requested "public records" namely "oath of office" under § 3331, "appointment affidavit" under § 3332, and for failing to respond to Plaintiff's request for the "letter of appointment" under § 2105 of Title 5 U.S.C., as amended, pertaining to Kevin M. Ashcroft, a Special Agent of the Naval Criminal Investigative Service (NCIS) at Mayport, Florida which they were requested under Freedom of Information Act (FOIA) and Privacy Act (PA) of 1974, as amended. Plaintiff states to wit:

Plaintiff, an inexperienced layperson seeks liberal interpretation of this/his complaint. See Haines v. Kerner, 404 US 519, 30 L.Ed 2d 652, 92 S.Ct 594 (1972). (Pro se litigants are to be held to a lesser standard than lawyers).

### Jurisdiction

(1) This action arises under Title 5 U.S.C. § 552(a)(4)(B) of the (FOIA) and 28 U.S.C. § 1331 (Federal Question Jurisdiction) which gives this Court Jurisdiction over lawsuits brought to enforce the above statutes.

### Venue

(2) Venue is proper in this Court under 28 U.S.C. § 1391(b) because jurisdiction is not found only on diversity of citizenship, and defendant(s) reside in this district.

**Parties in this action**

(3) The Plaintiff is a federal prisoner at FCC-Coleman Medium Security Prisons, Coleman, Florida. He is particularly concerned about the Defendants' denial of his requested "FOIA" records, namely the "oath of office" and "appointment affidavit" and a non-response to Plaintiff's request for the "letter of appointment" dated June 10th, 2005 under 5 U.S.C. § 2105, all in violation of 5 U.S.C. § 552(a)(6)(A)(i), as amended.

(4) The Defendants are at all material times hereto a part of the federal corporation, ens legis, as chartered on February 21st, 1871[1] or otherwise found under 28 U.S.C. § 3002(15)(A)(B) and (C) and existing in District of Colombia and elsewhere. Whereby on May 7th, 2004 they denied Plaintiff administrative appeal for "oath of office" and "appointment affidavits" and thereafter failed to respond to his FOIA request of June 10th, 2005 for a "letter of appointment" under 5 U.S.C. § 2105. (See exhibit-C).

**Statutory Framework and Facts Giving Rise to Plaintiff's Claims for Relief**

Title 5 U.S.C. § 2906 reads as follows:

The Oath of Office, [inter alia], taken by an individual under § 3331 of this Title **shall** be delivered by him to and preserved by House of Congress, agency, or court to which the office pertains. 5 U.S.C. § 2906.

(5) By letter-request delivered via U.S. Mail on March 2nd, 2004 to "Human Resources Service Center (HRSC) 3230 Randall Way, N.W., Silverdale, WA 98383, the Plaintiff requested "oath of office" and "appointment affidavits" pertaining to **Kevin M. Ashcroft**. (See exhibit-A, attached hereto).

(6) Defendants United States Department of the Navy acknowledged the receipt of Plaintiff's FOIA/PA request of March 2nd, 2004 and advised that: "A search of our files has produced no documents responsive to [Plaintiff's] request," and they further advised that he may within 60 calendar days appeal Defendants United States Department of the Navy's adverse determination. (See exhibit-B, attached hereto).

---

[1] The Legislative Act of February 21st, 1871, Congressional Record, Forty-First Congress, Session III, Chapter 62, p., 419, a chartered federal company entitled "UNITED STATES," i.e., "UNITED STATES [1871]," a/k/a "U.S. Inc."

(7) By letter delivered via U.S. Mail to Defendants Department of the Navy on March 16th, 2004, requesting the production of the sought documents. (See exhibit-C, attached hereto),

(8) On May 7th, 2004, Defendants Department of the Navy responded to Plaintiff advising him that HRSC conducted a thorough search of the Official Personnel Folder for Mr. Kevin M. Ashcroft without locating the requested records, and that their letter constitutes final decision. (See exhibit-D, attached hereto).

(9) Thereafter on June 10th, 2005, Plaintiff submitted his second FOIA request upon the Department of the Navy, requesting "letter of appointment" under 5 U.S.C. § 2105, pertaining to Kevin M. Ashcroft. (See exhibit-E, attached hereto).

(10) On July 5th, 2005 the Department of the Navy responded, advising Plaintiff that: "Our office is in receipt of your June 10th, 2005 letter, requesting a document under Freedom of Information Act, 5 U.S.C. § 552...and that a search of our files has produced no documents responsive to your request." Defendants further advised that Plaintiff's request is being forwarded upon "the Office of Civilian Human Resourses, Office of Counsel, 614 Sicard Street SE, Suite 100, Washington Navy Yard, DC 20374-5072, for further consideration. (See exhibit-F, attached hereto).

(11) Thusfar, however, "the Office of Civilian Human Resources, Office of Counsel at 614 Sicard Street SE, Suite 100, Washington Navy Yard, DC 20374-5072" failed to acknowledge Plaintiff's forwarded FOIA request of June 10th, 2005 for records pertaining to Kevin M. Ashcroft thereby violating twenty (20) working days response provision under 5 U.S.C. § 552(a)(6)(A)(i), as amended.

(12) Because this is **not** an ongoing investigation, the Plaintiff has a statutory and **due process** right to the records that he seeks, and there is no legal basis for the Defendants' refusal to disclose and/or produce an unredacted copies of the records that he seeks.

## CLAIMS

**CLAIM I**

Violation of due process

(13) The Plaintiff realleges all of the allegations contained in paragraphs (1) through (12) inclusive.

(14) By conscious effort Defendants witheld the Plaintiff's requested records under FOIA, namely "oath of office," "appointment affidavits" and by the intentional disregard to answer his second FOIA request for the "letter of appointment" [2] as that witholding and disregard violates the Plaintiff's administrative due process and more.

**CLAIM II**

Abuse of process

(15) The Plaintiff realleges all of the allegations contained in paragraphs (1) through (12) above.

(16) That during the relevant period of time and continuing thereafter, the Defendants had knowingly, willfully stayed, delayed, and obstructed and are continuing doing so, or otherwise, denying the requested and non-exempt production and/or disclosure of the requested "oath of office," "appointment affidavits" to Plaintiff, and had further intentionally failed to answer his FOIA request for a "letter of appointment" thereby abusing the process which violates the Plaintiff's due process, causing him a substantial prejudice of not being able to inspect or assess the verity, or existence of the requested records/documents, whether the Kevin M. Ashcroft met the legal standards and/or lawful formality when entered the federal employment as an agent for the Defendants.

---

[2]
5 U.S.C. § 2105 states as follows:

  (a) For the purposes of this Title, "employee", except as otherwise provided by this section or when specifically modified, means an officer and an individual who is--
  (1) appointed in the civil service by one of the following acting in an official capacity--

  \*      \*      \*      \*      \*      \*      \*      \*

  (2) engaged in the performance of a Federal function under authority of law or an Executive act; and (3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

## CLAIM III
### Abuse of power

(17) The Plaintiff realleges all of the allegations contained in paragraphs (1) through (12) above.

(18) That during the relevant period of time hereto and continuing thereafter, the Defendants had knowingly and willfully and systematically stayed, delayed and obstructed the production and non-response of the Plaintiff's requested non-exempt FOIA records, as he was and still is seeking them to assure himself of the validity and/or existence of the said documents as to whether Kevin M. Ashcroft has been lawfully and/or legally appointed under § 2105 of the 5 U.S.C., and/or whether he had executed the requisite "oath of office" and "appointment affidavit" under the statutes thereunder. In failing to produce such requested documents, Defendants are substantially prejudicing Plaintiff, and that prejudice is causing injury upon the Plaintiff by and through their abuse of power of the non-disclosure and non-response of the records.

## CLAIM IV
### Reckless conduct

(19) The Plaintiff realleges all of the allegations contained in paragraphs (1) through (12) herein.

(20) That during the relevant period of time hereto and continuing thereafter, the Defendants had knowingly and willfully witheld the Plaintiff's FOIA requested and non-exempt "oath of office" and "appointment affidavits" and also they have failed to honor the Congressional intent of 20 days response-provision of Plaintiff's second FOIA request for the "letter of appointment" under 5 U.S.C. § 2105. In so doing, they denied the Plaintiff to evaluate the verity of said records whether the Defendants' agent, Kevin M. Aschroft has been validly appointed thereto, and whether he validly executed the required "oath of office" and "appointment affidavit" under the statutes at all. Since the Defendants intentionally failed to provide and/or respond the Plaintiff's sought documents recklessly, causing him injury and harm.

## CLAIM V

### Dereliction of duty

(21) The Plaintiff realleges all of the allegations contained in paragraphs (1) through (12) inclusive.

(22) That the Defendants by and through their agents, contract-employee(s), and/or staff, had intentionally and/or willfully refused and neglected to exercise his/her or alternatively their official duty, or duties, to fulfill the Defendants' contract with Plaintiff and to honor the Congressional intent of the FOIA statutes to produce or disclose the requested non-exempt "oath of office" and "appointment affidavits" to him under the respective statutes. They further violated the Congressional intent by failing to respond to PLaintiff's requested "letter of appointment" under § 2105 of 5 U.S.C., pertaining to Kevin M. Ashcroft, all in violation of § 552(a)(6)(A)(i), as amended. As such, Defendants are injuring Plaintiff by and through their intentional stay, delay, obstruction and non-response, and that injury is continuing to injure Plaintiff by further staying, delaying, and non-responding to the requested and non-exempt records, which is consistent with dereliction of duty to disclose said records to the Plaintiff under FOIA statutes.

## CLAIM VI

### Fraud and deceit

(23) The Plaintiff realleges all of the allegations contained in paragraphs (1) through (12) above.

(24) That the Defendants by and through their agents, contract-employee(s), and/or staff, had knowingly and willfully denied the production of Plaintiff's requested "oath of office" and "appointment affidavits" and had further intentionally failed to answer a Plaintiff's FOIA request for the production of the "letter of appointment" pertaining to Kevin M. Ashcroft. As such, it is consistent with U.S. v. Tweel, 550 F.2d 297 (1977) where that court held that: "silence is equated with fraud." Id. Under these facts, however, not only they substantially prejudiced the Plaintiff, but their ongoing modus constitutes fraud and deceit which causes Plaintiff injury and further harm.

CLAIM VII

Breach of contract

(25) The Plaintiff realleges all of the allegations contained in paragraphs (1) through (12) herein.

(26) That the Defendants by and through their agents, contract-employee(s), and/or staff, had in all material times to this action willfully and knowingly with malice aforethought breached the contract with Plaintiff by way of denying him, his requested production and/or disclosure of "oath of office" and "appointment affidavits" pertaining to Kevin M. Ashcroft, and also they intentionally and willfully failed to answer the Plaintiff's FOIA request for disclosure of the "letter of appointment" under § 2105 of Title 5 U.S.C., as amended, as that letter, if any, likewise pertains to Kevin M. Ashcroft, which denotes whether he was/is a bona fide agent for the Federal Corporation, and which the Defendants failed to respond and/or produce it. In so doing, Defendants violated the contractual agreement between the Plaintiff and Defendants, which causes Plaintiff injury and it continues to injure him by and through the non-production of the sought documents under the FOIA statutes, and thus, Plaintiff has been damaged.

## PRAYERS for RELIEF

The Plaintiff has established his claims for relief and prays that this Honorable Court enters an order, declaring that the Defendants:

(a) are subject to FOIA Statutes but are not complying with their requirements under 5 U.S.C. § 552, et al., or otherwise they are willfully and knowingly disregarding the Congressional intent thereunder;

(b) are subject to FOIA Statutes but failing to obey them by and through the non-production and/or non-response of the requested public records as so demanded by the Plaintiff under 5 U.S.C. § 552, et seq;

(c) are unlawfully and/or illegally witholding and unreasonably staying, delaying, obstructing and non-responding to the sought production of "oath of office" and "appointment affidavit" and/or "letter of appointment" all in violation of the statutes thereunder;

(d) enter a permanent injunction directing the Defendants to comply with the requested production and/or disclosure of the "public records," i.e., "oath of office," "appointment affidavit" as so requested by Plaintiff in his initial FOIA request of March 2nd, 2004 and thereafter in his FOIA appeal of March 10th, 2004 and once again in his June 10th, 2005 FOIA request for the "letter of appointment" which this Honorable Court should do as it deem just;

(e) that this Court assess against the Defendants punitive and compensatory damages for their intentional stay, delay, and/or obstruction of the non-exempt records pursuant to the "oath of office," "appointment affidavits" and "letter of appointment" as this Honorable Court deem, equitable and proper;

(f) enter an order, declaring Defendants ongoing non-production of the requested documents as a substantive violations of the administrative due process, requiring the production of the requesting records, as at this point the Defendants are acting illegal and/or unlawful, or alternatively a jury trial on all the elements so triable should be had;

(g) becauseof said actions above, the Defendants are injuring Plaintiff and that injury is continuing to injure him by and through their stay, delay, obstruction of non-production of the requested records, and therefor Plaintiff is entitled to monetary damages in the amount of $ 250,000.00 (two hundred and fifty thousand United States dollars) with interest at an annual rate of 6%;

(h) award Plaintiff his costs, reasonable attorney fees, and other disbursements in litigating this action;

(i) grant such other and further relief as this Honorable Court deem just, equitable and proper.

Respectfully submitted,

Michael Trupei pro se
R12743-004
FCC-Coleman Medium Security Prisons
P.O. Box 1032
Coleman, Florida 33521-1032

EXHIBIT-A

**RESPONDENT:**

To: Human Resources Service Center (HRSC)
3230 Randall Way, N.W.,
Silverdale, WA 98383

Re: Freedom of Information (FOIA) Request
for the "**Oath of Office**" under 5 U.S.C.
§ 3331, and "**Officer's Affidavit**" under
§ 3332 subject to **KEVIN M. ASHCROFT**

**REQUESTER:**

From: Michael Trupei pro se
R12743-004
Federal Correctional Complex
Low Security, C-3-Unit
P.O. Box 1031
Coleman, Florida 33521-1031

March 2nd, 2004

"FOIA" REQUEST
VERIFIED

This is a third request to different entities for records/documents as sought hereinabove under FOIA, 5 U.S.C. § 552, as amended, and Privacy Act (PA) of 1974, 5 U.S.C. § 552a, as amended, or alternatively Department of Justice Regulations as noted in 28 CFR part 16.

This agency is required by law under 5 U.S.C. § 2906 to maintain the above records on file. I hereby request that the above or otherwise the following records be provided to me, and please to so forthwith.

Records Requested:

(1) **Oath of Office** as required under 5 U.S.C. § 3331; and

(2) **Officer Affidavit** as required by 5 U.S.C. § 3332 for the

**KEVIN M. ASHCROFT**, Special Agent NCIS, Mayport, Florida.

The Department of the Navy, Ms. Linda M. Riddle directed me to this office as the most logical place to have said documents. She also provided and/or assigned a number, i.e., 5720 FO3-0978 SEROOJF/3U1297 pertaining to my request of September 12th, 2003. You may find the foregoing number helpful to this request.

Should you fail to respond to this third and last request within the statutory time limit of twenty (20) working days from this date, or otherwise under 5 U.S.C. § 552(a)(6)(A)(i), as amended, I will deem this request denied and will proceed under 5 U.S.C. § 552(a)(6)(C) in a federal judicial district of competent jurisdiction for failure to follow procedure.

Inasmuch as the request for records/documents are in the "public interest" and I have declared myself to be indigent. I hereby request to waive all fees, costs, and or charges.

I hope this suffices my appeal, and I am looking forward to your production and/or disclosure of the records/documents consistent as requested herein.

06 0978

NOTICE TO THE AGENT IS THE NOTICE TO THE
PRINCIPAL, NOTICE TO THE PRINCIPAL IS THE
NOTICE TO THE AGENT!

Sincerely,

*[signature]*
Michael Trupei pro se

FILED
MAY 2 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DECLARATION

Pursuant to 28 U.S.C. § 1746 I, Michael Trupei do hereby declare, or verify under penalty of perjury that the above "Request" is to the best of my knowledge and belief, true and correct.

Done on: March 4th, 2004   Signed: *[signature]*
Michael Trupei pro se



# DEPARTMENT OF THE NAVY

HUMAN RESOURCES SERVICE CENTER, NORTHWEST REGION
3230 N.W. RANDALL WAY
SILVERDALE, WA 98383-7952

11 Mar 2004

Michael Trupei
R12743-004
Federal Correctional Complex
Low Security, C-3-Unit
P.O. Box 1031
Coleman, FL 33521-1031

Subj: Freedom of Information Request

Dear Mr. Trupei:

Our office is in receipt of your March 2, 2004 letter requesting documents under the Freedom of Information Act, 5 U.S.C. § 552. In your letter you requested copies of the oath of office under 5 U.S.C. § 3331 and the officer affidavit under 5 U.S.C. § 3332 for Special Agent Kevin M. Ashcroft. A search of our files has produced no documents responsive to your request.

### Appeal Rights

If you believe an adequate search was not conducted, you may consider this an adverse determination of your request that may be appealed, in writing, to the General Counsel of the Navy at:

General Counsel of the Navy
720 Kennon Street SE, Room 214
Washington Navy Yard, DC 20374-5012

The appeal must be received in that office within 60 calendar days from the date of this letter to be considered, and a copy of this letter should be attached along with a statement as to why your appeal should be granted. It is recommended that the letter of appeal and the envelope both bear the notation "Freedom of Information Act Appeal."

Sincerely,

*Steve Armstrong*
STEPHEN T. ARMSTRONG

06 0978
FILED

MAY 2 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT-C

RESPONDENT:

General Counsel of the Navy
720 Kennon Street S.E., Room 214
Washington Navy Yard, D.C. 20374-5012

APPELLANT:

Michael Trupei pro se
R12743-004
Federal Correctional Complex
P.O. Box 1031
Coleman, FL 33521-1031

Re: "FOIA" Appeal for the Production
and/or Disclosure of "Oath of Office"
under 5 U.S.C. § 3331 and "Officer
Affidavit" under § 3332, pursuant to
Special Agent **Kevin A. Ashcroft**

March 16th, 2004

"FOIA" APPEAL and NOTICE
VERIFIED

Appellant, Michael Trupei (Appellant) hereby appeals to the above entity, pursuant to his request of March 2nd, 2004, (see exhibit-A, attached hereto) under 5 U.S.C. § 552(a)(6)(A)(ii), as amended.

Title 5 U.S.C. § 552(a)(6)(A)(ii) reads in part:

It Respondent fails to produce the requested information within twenty (20) working days, the [appellant] has the right to promptly initiate legal action under 5 U.S.C. § 552(a)(4)(B) and under 42 U.S.C. § 1983, § 1988, and § 1995, as amended in the district court where those records are located, both to compel the disclosure and seek damages.[And also under 28 U.S.C. § 2412(c)(2)].

The Appellant's rerequest of March 2nd, 2004, (see exhibit-A, attached hereto) has failed to yield the requested "public documents", rather he has been sent on a "wild-goose chase" by and through the public officials, servants and/or employees, inter alia, attached to this office and thereby willfully and intentionally had stayed and delayed and are still doing so the production of the requested document(s), in violation of the Specific Performance by way of Any and All of the public Officials involved directly, indirectly or otherwise with this request. Thus, and once again, you keepers of this office SHALL produce the said "Oath of Office" and "Officer Affidavit" to the Appellant, and do so at once.

Title 5 U.S.C. § 2906 provides in part:

The Oath of Office taken by an individual under § 3331 of this Title shall be delivered by him and preserved by, House of Congress, agency or court to which the office pertains. 5 U.S.C. § 2906.

Therefore, and for the last time, the Appellant serves this appeal upon the General Counsel of the navy and allows an additional twenty (20) working days from this date, to respond as required under the statute, or otherwise produce the documents as hereinabove so requested. If this entity does not reply to this appeal or otherwise does not produce the requested document(s), the Appellant will seek Judicial Remedy as indicative under § 552(a)(4)(B) of this Title.

06 0978

Inasmuch as the request and this appeal for the said records/documents are likewise in "public interest" and Appellant has declared himself to be indigent. As such, the Appellant hereby requests that Respondent waive all the fees, costs, and/or charges.

Please take whatever steps are necessary to expedite and respect this appeal!

Sincerely,

*[signature]*
Michael Trupei pro se

**FILED**
MAY 2 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CAVEAT

Once again, the Appellant reminds the Respondent to read Title 5 U.S.C. § 2906 very carefully. As the Appellant expects the requested public document(s) to be produced and/or disclosed to him without a systematic obstruction and delay. Moreover, please do not send the Appellant on a further "wild-goose chase." As such a chase may open yourself to any liability, including one at Common Law for intentional stay, delay and obstruct the production and/or disclosure of the requested public document(s) in a court of competent jurisdiction in the not to distant future. Thus, whoever you public servants may be, govern yourself accordingly and honor this appeal for the production of documents, and please do so forthwith.

## DECLARATION

Pursuant to 28 U.S.C. § 1746 I, Michael Trupei do hereby declare, or state under penalty of perjury that the foregoing is to the best of knowledge and belief, true and correct.

Executed on: March 17th, 2004        Signed: _Michael Trupei_
                                             Michael Trupei pro se

EXHIBIT-D



**DEPARTMENT OF THE NAVY**
OFFICE OF THE GENERAL COUNSEL
1000 NAVY PENTAGON
WASHINGTON, D. C. 20350-1000

MAY -7 2004

CERTIFIED MAIL -- RETURN RECEIPT REQUESTED

Mr. Michael Trupei
R12743-004
Federal Correctional Complex
Low Security, C-3 Unit
PO Box 1031
Coleman, FL 33521-1031

Dear Mr. Trupei:

This letter is the final administrative adjudication of your Freedom of Information Act (FOIA) appeal dated March 16, 2004 from an 11 March 2004 letter by the Human Resources Service Center, Northwest (HRSC, NW) advising that a search of their files "has produced no documents responsive to your request."

On March 2, 2004, you requested a copy of two documents pertaining to Kevin M. Ashcroft, a special agent of the Naval Criminal Investigative Service (NCIS) in Mayport, Florida: the Oath of Office and an Officer Affidavit. You had previously sought these records from NCIS on September 12, 2003. NCIS informed you on November 21, 2003 that the records sought were maintained by HRSC, NW.

Upon review, I conclude that the search for the responsive records met the standard of reasonableness as set forth in Oglesby v. Department of Army, 79 F.3d 1172,1185-7 (D.C. Cir. 1996).

Shortly after receipt of your request, three individuals within HRSC, NW conducted a thorough search of the Official Personnel Folder for Mr. Kevin M. Ashcroft without locating the requested records. After receipt of your appeal, another search was conducted of Mr. Ashcroft's former overseas office and his current office without the requested records being found.

Accordingly, this letter constitutes final denial of your appeal by the designated appellate authority for this matter, the Deputy General Counsel of the Department of the

06 0978

FILED

MAY 2 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Navy. Judicial review of this action may be sought as described in 5 U.S.C. § 552 (a)(4)(B)-(G).

Sincerely,

William R. Molzahn
Deputy General Counsel

**EXHIBIT-E**

RESPONDENT:

Department of the Navy
Human Resource Service Center, Northwest Region
3230 N.W. Randall Way
Silverdale, WA 98383-7952

REQUESTER:

Michael Trupei pro se
R12743-004
Federal Correctional Complex
P.O. Box 1031
Coleman, Florida 33521-1031

Re: Request for a judicially certified
or notarized copy of the "Letter of
Appointment" pursuant to S/A NCIS
Kevin M. Ashcroft

June 10, 2005

## "FOIA" REQUEST
## VERIFIED

Under the provision of Freedom of Information Act (FOIA), Title 2 U.S.C. § 552, as amended, and Privacy Act of 1974 (PA), Title 5 U.S.C. § 552a, as amended, the Requester hereby requests for a judicially certified or at least notarized copy of the following record/document be provided to him:

(1) The "Letter of Appointment" as required under the appointment clause of the Federal Constitution (Art II, § 2, cl 2) or otherwise under statutory provisions of Title 5 U.S.C. §§ 2104, 2105 or alternatively under Title 1 U.S.C. § 1, pertaining to S/A NCIS, **Kevin M. Ashcroft** which is so required and which confirms that Kevin M. Ashcroft met the standards of the constitutional appointment thereto.

This agency is required by law under 5 U.S.C. § 2906 to maintain this particular document on file.

The Requester expects that the Respondent answers this/his request within the statutory response provision of twenty (20) working days from the date of the receipt of this request or alternatively under 5 U.S.C. § 552(a)(6)(A)(i), as amended.

Should the Respondent fail to honor the Congressional response provison, the Requester will deem this/his Request denied and will proceed under 5 U.S.C. § 552(a)(6)(C), even though the Requester has not filed his administrative appeal, in a court of competent jurisdiction. See generally Pollack v. Department of Justice, 49 F.3d 115, 118-19 (4th Cir.1995)("[A] requester who has not received a timely notice of the agency's decision, as required by 5 U.S.C. § 552(a)(6)(A)(i), may proceed immediately in court to enforce a FOIA request without exhausting any administrative remedies.") Pollack at 119.

Inasmuch as this request for the "Letter of Appointment" is in the "public interest" in that, the public is entitled to know the functioning of its Government on a day-in-day-out basis. Therefore, the Requester requests that Respondent waives all fees, costs, and/or charges.

The Requester trusts that this suffices to his request!

NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL,
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT!

Sincerely,

*[signature]*
Michael Trupei pro se

*[Stamp: FILED MAY 25 2006 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT]*
*[06 0978]*

## DECLARATION

Pursuant to 28 U.S.C. § 1746 of the United States Code I, Michael Trupei do hereby declare under penalty of perjury that the above request is to the best of my knowledge, true and correct.

Done on: June 10th, 2005

Signed: *[signature]*
Michael Trupei pro se

EXHIBIT-F



# DEPARTMENT OF THE NAVY
HUMAN RESOURCES SERVICE CENTER, NORTHWEST REGION
3230 N.W. RANDALL WAY
SILVERDALE, WA 98383-7952

12711
Ser40/05-01
5 July 2005

Michael Trupei
R12743-004
Federal Correctional Complex
Low Security, C-3-Unit
P.O. Box 1031
Coleman, FL 33521-1031

Subject: Freedom of Information Request

Dear Mr. Trupei:

Our office is in receipt of your 10 June 2005 letter requesting a document under the Freedom of Information Act, 5 U.S.C. § 552. In your letter you requested a copy of the Letter of Appointment for Special Agent Kevin M. Ashcroft. A search of our files has produced no documents responsive to your request.

I am forwarding your request to the Office of Civilian Human Resources, Office of Counsel, 614 Sicard Street SE, Suite 100, Washington Navy Yard DC, 20374-5072, for further consideration.

Sincerely,

Stephen T. Armstrong
Labor Relations Specialist
HRSCNW CODE 40
3230 Randall Way NW
Silverdale WA 98383