UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL TRUPEI,** *pro se* | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Action No.  06-0978 (PLF) |
| | ) |
| **U.S. DEPARTMENT OF THE NAVY**, | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant United States Department of the Navy, by and through the undersigned counsel, respectfully moves this Court, pursuant to Fed. R. Civ. P. 56(c), for summary judgment in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), case on the grounds that there are no material facts in dispute and Defendant is entitled to judgment as a matter of law.  In support of this motion, Defendant files the declarations of Stephen Armstrong, United States Navy Human Resources Center Northwest (HRSCNW), and Robert L. Woods, Supervisory Attorney, Office of the General Counsel, Department of the Navy, and accompanying exhibits.[1]  Defendant also submits the attached memorandum of points and authorities, statement of material facts not in dispute, and proposed order.

Plaintiff, *pro se*, should take notice that any factual assertions contained in the declarations and other attachments in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence

---

[1] Attached as Exhibits A and B.

contradicting the assertions in Defendant's materials. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); see also Local Rule 7(h); Fed. R. Civ. P. 56(e). Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: October 4, 2006.

Respectfully submitted,

\_/s/_____
JEFFREY A. TAYLOR, DC Bar # 498610
United States Attorney

\_/s/_____
RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney

\_/s/_____
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL TRUPEI,** *pro se* )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**U.S. DEPARTMENT OF THE NAVY**, )<br>)<br>Defendant. )<br>)<br>_____ ) | Civil Action No. 06-0978 (PLF) |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE ISSUE**

Pursuant to LCvR 7(h), Defendant United States Department of the Navy respectfully submits this statement of material facts as to which there is no genuine dispute. The attached declarations of Stephen Armstrong, United States Navy Human Resources Center Northwest (HRSCNW), and Robert L. Woods, Supervisory Attorney, Office of the General Counsel, Department of the Navy, and accompanying exhibits support this statement.

1.    By letter dated March 2, 2004, Plaintiff requested from the U.S. Department of the Navy, HRSCNW, the "oath of office" and "officer affidavit" for Special Agent Kevin M. Ashcroft. See Compl. ¶ 5, Exh. A; see also Armstrong Decl. ¶ 3 and Exh. 1.

2.    In accordance with the Office of Personnel Management Guide to Processing Personnel Actions, Chapter 4, Paragraph 3c, documents such as an oath of office or appointment affidavit are part of a single document, the Standard Form 61 ("SF 61").[1] The SF 61 is filled out when the employee is first appointed (and on subsequent appointments). See Armstrong Decl. ¶

---

[1]    See Standard Form 61, "Appointment Affidavit," showing position to which appointed and date of appointment; accord ¶ A ("Oath of Office: I will support and defend the Constitution of the United States against all enemies . . ."); reproduced at www.opm.gov/forms/pdf_fill/SF61.pdf.

4; Woods Decl. ¶ 5. When an SF 61 is completed, it is usually filed in the individual's Official Personnel Folder ("OPF"). Id.

    3.    HRSCNW is the custodian of Special Agent Kevin M. Ashcroft's OPF. See Armstrong Decl. ¶ 5.

    4.    Shortly after receiving Plaintiff's March 2, 2004 FOIA request, the HRSCNW searched for documents responsive to his request by looking in the only file likely to contain such documents, Mr. Ashcroft's OPF. See Armstrong Decl. ¶¶ 4-5, 8. Mr. Stephen Armstrong, an employee of the HRSCNW, personally conducted a manual search of the file, touching and examining each page of each document within the file to determine whether or not the requested "oath of office" or "officer affidavit" was there. Mr. Armstrong did not find any documents responsive to Plaintiff's FOIA request. See Decl. ¶ 5.

    5.    By letter dated March 11, 2004, the HRSCNW reported its negative findings to Plaintiff and advised him of his right to appeal the determination. See Compl., Exh. B; Armstrong Decl., Exh. 3.

    6.    Plaintiff appealed, and on May 7, 2004, the Office of the General Counsel, Department of the Navy, denied his appeal, concluding that the HRSCNW conducted a reasonable search for the requested records and produced no documents responsive to his request. See Compl., Exh. C, D.

    7.    By letter dated June 10, 2005, Plaintiff submitted a second FOIA request to the HRSCNW, requesting a "letter of appointment" for Special Agent Kevin M. Ashcroft. See Compl. ¶ 9, Exh. E; see also Armstrong Decl. ¶ 3 and Exh. 2.

    8.    In response to the June 10, 2005 request, Mr. Armstrong again searched Special

Agent Ashcroft's OPF for documents responsive to his request (a "letter of appointment"). Because a letter of appointment, if in existence at all, would be located in the individual's OPF, Mr. Armstrong conducted a manual search of the file, touching and examining each page of each document within Special Agent Ashcroft's OPF in order to determine whether or not the requested document was there. Once again, Mr. Armstrong found no documents responsive to Plaintiff's request. See Armstrong Decl. ¶ 6.

9.  By letter dated July 5, 2005, the HRSCNW reported to Plaintiff that a search of its files produced no documents responsive to his request. See Compl., Exh. F; Armstrong Decl., Exh. 5. The HRSCNW also advised Plaintiff that it was forwarding his request to the Office of Civilian Human Resources, Office of Counsel, to determine if any further action could be taken.[2] See Armstrong Decl., Exh. 4, 5.

10. On July 5, 2005, the HRSCNW informed the Office of Civilian Human Resources that it searched for, but was unable to locate any documents responsive to Plaintiff's FOIA request. The HRSCNW asked for advice about what further action could be taken on Plaintiff's FOIA request. See Armstrong Decl. ¶ 6, Exh. 4; Woods Decl. ¶ 3.

11. Although the individuals responsible for FOIA matters at the Office of Civilian Resources do not recall receiving the HRSCNW's request for guidance, and no record of a response exists in the Department of the Navy's files, letters of appointment and similar documents are not maintained at the Office of Civilian Human Resources for Naval Criminal

---

[2] The Office of Civilian Human Resources, Office of Counsel, oversees the HRSCNW and is designated as the "denial authority" for the organization's FOIA matters. Although that office is not required to participate in communications between the HRSCNW and FOIA requesters, the HRSCNW requested guidance from them in order to determine if any further action could be taken on Plaintiff's request. See Armstrong Decl. ¶ 6, Exh. 4, 5.

Investigative Service ("NCIS") employees, such as Special Agent Ashcroft.  <u>See</u> Woods Decl. ¶¶ 3-4.  If a "letter of appointment" of the type requested by plaintiff does exist for any employee or officer, it is maintained in the individual's OPF.  <u>Id.</u> ¶ 4.

12.  Upon litigation review, and upon the recommendation of the Office of Civilian Resources, on August 30, 2006, the HRSCNW conducted a supplemental search of Special Agent Ashcroft's OPF.  <u>See</u> Armstrong Decl. ¶ 8; Woods Decl. ¶ 5.  After a third manual search of its files, the HRSCNW found neither a letter of appointment as described by Plaintiff in his June 10, 2005 FOIA request, nor did it find an SF 61 or any oath of office or appointment affidavit of any other description.  <u>Id.</u>

Dated: October 4, 2006                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　　　JEFFREY A. TAYLOR, DC Bar # 498610
　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS, DC Bar # 434122
　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　　　MEGAN L. ROSE, NC Bar # 28639
　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　　　　Judiciary Center Building
　　　　　　　　　　　　　　　　　　　　　　　555 Fourth Street, N.W.
　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20530
　　　　　　　　　　　　　　　　　　　　　　　(202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL TRUPEI,** *pro se* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0978 (PLF) |
| ) | |
| **U.S. DEPARTMENT OF THE NAVY**, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

Defendant United States Department of the Navy, through the undersigned counsel, respectfully moves this Court for summary judgment pursuant to Fed. R. Civ. P. 56(c).

Plaintiff, *pro se*, brought this civil action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, with regard to the processing of Plaintiff's FOIA requests by the Department of the Navy. As demonstrated by the attached declarations of Stephen Armstrong, United States Navy Human Resources Center Northwest (HRSCNW), and Robert L. Woods, Supervisory Attorney, Office of the General Counsel, Department of the Navy, and accompanying exhibits, Defendant conducted reasonable searches and did not improperly withhold from Plaintiff any records responsive to his FOIA requests. Thus, there are no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

### BACKGROUND

Defendant adopts the accompanying Statement of Material Facts Not In Genuine Dispute.

**STANDARD OF REVIEW**

**I.      Summary Judgment (Fed.R.Civ.P. 56)**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is required when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Cattrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the nonmoving party through affidavits or other documentary evidence.  Fed. R. Civ. P. 56(e).

While all evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), summary judgment should be granted if the moving party submits "affirmative evidence that negates an essential element of the nonmoving party's claim" or demonstrates "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." High Tech Gays v. Defense Industrial Security Clearance Office, 895 F.2d 563, 574, reh'g denied, 909 F.2d 375 (9th Cir. 1990) (citing Celotex v. Catrett, 477 U.S. 317, 331 (1986)).

**II.     Summary Judgment In FOIA Cases**

FOIA cases are typically decided on motions for summary judgment. See Cappabianca v. Commissioner, United States Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for

2

summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).[2]  To be entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure.  Weisberg v. United States Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  To meet its burden, the defendant may rely on affidavits or declarations and other evidence by the agency which show that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. United States Department of Army, 611 F.2d 738, 742 (9th Cir. 1980).  Summary judgment may be granted solely on the basis of agency affidavits [or declarations] if they "contain reasonably detailed descriptions of the documents and allege facts sufficient to establish that the documents are within the FOIA exemption category; the district court need look no further."  Citizens Commission on Human Rights v. FDA, 45 F.3d 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991).  See also Hayden, supra, 608 F.2d at 1387; Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).  When the pleadings, supplemented by the affidavits and declarations, show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant.  See Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982).

In this case, Defendant's declarations were prepared by Stephen Armstrong, United States Navy Human Resources Center Northwest (HRSCNW), and Robert L. Woods, Supervisory

---

[2] For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts.  Hayden v. National Security Agency/Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).

3

Attorney, Office of the General Counsel, Department of the Navy, who are familiar with the procedures followed by the agency in responding to requests for information under the FOIA. See generally Decl. Both individuals are also specifically familiar with the processing of Plaintiff's FOIA requests by the Department of the Navy. Id.

## ARGUMENT

A plaintiff in a FOIA case must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'" United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980)); see 5 U.S.C. § 552(a)(4)(B). In this case, Plaintiff has failed to show that Defendant improperly withheld agency records. See United States Dep't of Justice v. Tax Analysts, 492 U.S. at 142. Because Defendant conducted reasonable searches and did not improperly withhold from Plaintiff any documents, Defendant is entitled to judgment as a matter of law.

**I.    Defendant Conducted An Adequate Search Under the FOIA.**

The agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records. Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al., 844 F. Supp. 770, 776 (D.D.C. 1993). The search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located. Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). It has been held that "'the search need only be reasonable; it does not have to be exhaustive.'" Miller v. Department of State, 779 F.2d 1378, 1383 (8th Cir. 1985) citing National Cable Television Association v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973). An agency is not required to search every record system, but need only

4

search those systems in which it believes responsive records are likely to be located. Ogelsby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990). Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine, 71 F.3d at 892 n.7. Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993).

Simply stated, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. Department of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; see SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller, 779 F.2d at 1383; Goland, 607 F.2d at 352. Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" Carney v. Department of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (quoting SafeCard Servs. v. SEC, 926 F.2d at 1200), the burden rests with the agency to

demonstrate the adequacy of its search. Once the agency has met this burden through convincing evidence, then the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. Miller, 779 F.2d at 1383. It is insufficient for a requester to attempt to rebut agency affidavits with purely speculative claims. See Carney, 19 F.3d at 813; SafeCard, 926 at 1200; Maynard v. CIA, 986 F.2d 547, 559-560 (1st Cir. 1993).

In this case, as described below and in the declarations of Stephen Armstrong and Robert L. Woods, Defendant met its burden to establish that the agency made a good faith effort to conduct an adequate search for the requested records. See, e.g., Armstrong Decl. ¶¶ 4-9; Woods Decl. ¶¶ 3-5. Under Oglesby, Defendant reasonably searched those files in which it believed responsive records were likely to be located. Id.; see also Oglesby, 920 F.2d at 68. Specifically, after receiving Plaintiff's March 2, 2004 FOIA request for the "oath of office" and "officer affidavit" for Special Agent Kevin M. Ashcroft, the HRSCNW searched for documents responsive to his request by looking in the only file likely to contain such documents, Special Agent Ashcroft's OPF. See Armstrong Decl. ¶¶ 4-5, 8. In accordance with the Office of Personnel Management Guide to Processing Personnel Actions, Chapter 4, Paragraph 3c, documents such as an oath of office or appointment affidavit are part of a single document, the Standard Form 61 ("SF 61").[1] The SF 61 is filled out when an employee is first appointed (and on subsequent appointments). See Armstrong Decl. ¶ 4; Woods Decl. ¶ 5. After the SF 61 is completed, it is usually filed in the employee's Official Personnel Folder ("OPF"). Id. In this case, the HRSCNW is the custodian of Special Agent Kevin M. Ashcroft's OPF. See Armstrong

---

[1] See Standard Form 61, "Appointment Affidavit," showing position to which appointed and date of appointment; accord ¶ A ("Oath of Office: I will support and defend the Constitution of the United States against all enemies . . ."); reproduced at www.opm.gov/forms/pdf_fill/SF61.pdf.

Decl. ¶ 5.

Consequently, an employee of the HRSCNW, Mr. Stephen Armstrong, personally conducted a manual search of its files, touching and examining each page of each document within Special Agent Ashcroft's OPF in order to determine whether or not the requested "oath of office" or "officer affidavit" was located there. See Armstrong Decl. ¶ 5. Mr. Armstrong did not find any documents responsive to Plaintiff's FOIA request. Id. By letter dated March 11, 2004, the HRSCNW reported its negative findings to Plaintiff and advised him of his right to appeal the determination. See Compl., Exh. B; Armstrong Decl., Exh. 3. Plaintiff appealed, and on May 7, 2004, the Office of the General Counsel, Department of the Navy, denied his appeal, concluding that the HRSCNW conducted a reasonable search for the requested records and produced no documents responsive to his request. See Compl., Exh. C, D.

By letter dated June 10, 2005, Plaintiff then submitted a second FOIA request to the HRSCNW, requesting a "letter of appointment" for Special Agent Kevin M. Ashcroft. See Compl. ¶ 9, Exh. E; see also Armstrong Decl. ¶ 3 and Exh. 2. In response to the June 10, 2005 request, which was substantially similar to Plaintiff's March 2, 2004 FOIA request, Mr. Armstrong again searched Special Agent Ashcroft's OPF for any responsive documents. See Armstrong Decl. ¶ 6. Because a letter of appointment, if in existence at all, would be located in the individual's OPF, Mr. Armstrong conducted a manual search of the file, touching and examining each page of each document within Special Agent Ashcroft's OPF in order to determine whether or not the requested document was there. Once again, Mr. Armstrong found no documents responsive to Plaintiff's request. Id. By letter dated July 5, 2005, the HRSCNW reported to Plaintiff that a search of its files produced no responsive documents. See Compl.,

7

Exh. F; Armstrong Decl., Exh. 5.  The HRSCNW also advised Plaintiff that it was forwarding his request to the Office of Civilian Human Resources, Office of Counsel, to determine if any further action could be taken.[2]  See Armstrong Decl., Exh. 4, 5.

On July 5, 2005, the HRSCNW informed the Office of Civilian Human Resources, that it searched for, but was unable to locate any documents responsive to Plaintiff's FOIA request.  The HRSCNW asked for advice about what further action could be taken on Plaintiff's FOIA request.  See Armstrong Decl. ¶ 6, Exh. 4; Woods Decl. ¶ 3.  Although no one responsible for FOIA matters at the Office of Civilian Resources recalls receiving the HRSCNW's request for guidance, and no record of a response exists in the Department of the Navy's files, letters of appointment and similar documents are not maintained at the Office of Civilian Human Resources for Naval Criminal Investigative Service ("NCIS") employees, such as Special Agent Ashcroft.  See Woods Decl. ¶¶ 3-4.  If a "letter of appointment" of the type requested by plaintiff exists for any employee or officer, it is maintained in the individual's OPF.  Id. ¶ 4.

Accordingly, upon litigation review, and upon the recommendation of the Office of Civilian Resources, on August 30, 2006, the HRSCNW conducted a supplemental search of its files.  See Armstrong Decl. ¶ 8; Woods Decl. ¶ 5.  After a third manual search of Special Agent Ashcroft's OPF, the HRSCNW found neither a letter of appointment as described by Plaintiff in his June 10, 2005 FOIA request, nor did it find an SF 61 or any oath of office or appointment affidavit of any other description.  Id.  According to the agency's records, Special Agent Ashcroft

---

[2] The Office of Civilian Human Resources, Office of Counsel, oversees the HRSCNW and is designated as the "denial authority" for the organization's FOIA matters.  Although that office is not required to participate in communications between the HRSCNW and FOIA requesters, the HRSCNW requested guidance from them in order to determine if any further action could be taken on Plaintiff's request.  See Armstrong Decl. ¶ 6, Exh. 4, 5.

was first appointed to his position on July 20, 1986. Armstrong Decl. ¶ 7. Since then, the Department of the Navy's Human Resource Office has experienced many changes, including the regionalization and establishment of Human Resource Service Centers (HRSCs), including the HRSCNW. Furthermore, in 2001, the HRSCNW inherited Special Agent Ashcroft's OPF from the HRSC Capitol Region, which is no longer in existence. Therefore, while most employees' OPFs contain an SF-61, which serves as both an "oath of office" and "appointment affidavit," it is common for an older OPF to be missing that form due to the file's movement from one HRSC to another. Id.

Each step in the handling of Plaintiff's requests was not only consistent with the Department of the Navy's policies and procedures for responding to FOIA requests, but also demonstrates that Defendant acted in good faith and met its obligations under the FOIA. Defendant conducted reasonable searches for records and did not improperly withhold any responsive records. The Court should grant summary judgment for Defendant.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant summary judgment for Defendant. See Fed. R. Civ. P. 56(c).


Dated: October 4, 2006.

                                              Respectfully submitted,

                                              _/s/_____
                                              JEFFREY A. TAYLOR, DC Bar # 498610
                                              United States Attorney

      /s/_____
RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney

      /s/_____
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-7220

**CERTIFICATE OF SERVICE**

  I certify that the foregoing **Motion For Summary Judgment** was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> **MICHAEL TRUPEI**
> **R12743-004**
> **FCC-Coleman Medium Security**
> **P.O. Box 1032**
> **Coleman, FL 33521-1032**

on this  4th  day of October, 2006.


            _____
            MEGAN ROSE
            Assistant United States Attorney
            Judiciary Center Building
            Civil Division
            555 4th Street, NW
            Washington, D.C. 20530