UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Michael Trupei ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0978 |
| ) | |
| Department of the Navy ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF STEPHEN ARMSTRONG**

I, Stephen Armstrong, declare the following to be a true and correct statement of facts:

1. I am an employee of the United States Navy's Human Resources Center Northwest (HRSCNW). My job responsibilities include the processing of Freedom of Information Act ("FOIA") requests for records maintained by the HRSCNW, including searches for responsive records, associated processing and fee issues, determinations regarding release, redaction, or withholding of agency records pursuant to the access and exemption provisions of the Freedom of Information and Privacy Acts, and the referral of responses to official Navy FOIA authorities.

2. I am personally familiar with the FOIA requests made by Mr. Michael Trupei (hereafter "Requester" or "Plaintiff"), which form the basis of this litigation. The statements I make in this declaration derive from my direct review of agency files, information acquired in the performance of my official duties, and my own personal knowledge.

3. This declaration explains the procedures that were followed in responding to Plaintiff's

FOIA requests referenced in his complaint, one dated 2 March 2004 requesting an "Oath of Office and Appointment Affidavit", the other dated June 10, 2005, in which he requested a "Letter of Appointment," confirming that one Kevin M. Ashcroft met the standards of his appointment to the Naval Criminal Investigative Service (N.C.I.S.). *See Exhibits 1 and 2.* 1

4. Shortly after receiving Mr. Trupei's 2 March 2004 request, I conducted a reasonable search for documents responsive to his request by looking in Mr. Ashcroft's Official Personnel File (OPF). The OPF is the only file our Records Section maintains which might contain the requested information. In accordance with the Office of Personnel Management Guide to Processing Personnel Actions, Chapter 4, Paragraph 3c, documents such as an "Oath of Office" or "Appointment Affidavit" are part of a single document, the Standard Form 61. The SF 61 is filled out when the employee is first appointed (and on subsequent appointments). According to the Guide, "[t]he form is completed and filed on the right side of the Official Personnel Folder when the employee is first appointed in the Federal Government and for each subsequent new appointment in any agency (including appointment by transfer, reinstatement, and restoration)." Thus, a federal employee's SF 61 should reasonably be expected to appear in the individual's OPF.

5. HRSCNW is the custodian of Mr. Ashcroft's OPF. Therefore, I conducted a manual

---

1 1  Although not entirely clear on their face, Plaintiff's requests were construed as requests for Kevin M. Ashcroft's Standard Form 61, a document that is filled out when a federal employee is first appointed (and on subsequent appointments) and reflects the employee's official government appointment and his or her attestation to the oath of office. *See* www.opm.gov/forms/pdf_fill/SF61.pdf.

search of the file. I touched and examined each page of each document within the file to determine whether or not the requested documents were there. I did not find any documents responsive to Mr. Trupei's FOIA request. By letter dated March 11, 2004, I reported my negative findings to Mr. Trupei and advised him of his right to appeal the determination. *See Exhibit 3.*

6. Likewise, shortly after I received Mr. Trupei's 10 June 2005 request, *see Exhibit 2*, I again searched Mr. Ashcroft's OPF for documents responsive to his request (Letter of Appointment). Because a "Letter of Appointment," if in existence at all, would be located in the individual's OPF, I conducted a manual search of the file, touching and examining each page of each document within Mr. Ashcroft's OPF to determine whether or not the requested document was there. Once again, I found no document responsive to Mr. Trupei's request. I reported my determination to Mr. Trupei and advised him that I was forwarding his request to the Office of Civilian Human Resources, Office of Counsel, to determine if any further action could be taken. *See Exhibits 4 and 5.* The Office of Civilian Human Resources, Office of Counsel is the initial denial authority (IDA) for HRSCNW. Although our no-record response to Mr. Trupei did not require IDA action, I sent the request to them to make them aware of my response and to see if they had some record I was not aware of that might be responsive.

7. According to the agency's records, Mr. Ashcroft was first appointed on 07-20-86. Since then, the Navy's Human Resource Office (HRO) has experienced many changes, including regionalization and establishment of the Human Resource Service Center,

Northwest (HRSCNW), in 1997. In 2001, HRSCNW inherited Mr. Ashcroft's OPF from the now-defunct HRSC Capitol Region. While most OPF's do contain the Standard Form 61, which serves as both an Oath of Office and Appointment Affidavit, it is common for an OPF, especially an old one which has moved from servicing HRO to servicing HRO, to be missing the Standard Form 61.

8. After 2 reasonable searches for documents responsive to Mr. Trupei's requests, as part of our litigation review, I again conducted a supplemental search on August 30, 2006. I looked in the only agency file reasonable likely to contain any responsive document, Mr. Ashcroft's OPF. After a third manual search of the file, I found neither a "Letter of Appointment" as described by Mr. Trupei in his 2005 request, nor did I find a Standard Form 61 or any Oath of Office or Appointment Affidavit of any other description.

9. Each step in the handling of the requests at issue in this case has been consistent with applicable United States Navy procedures and the Freedom of Information and Privacy Acts.

I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: September 6, 2006

*Stephen T. Armstrong*
Stephen T. Armstrong
Labor Relations Specialist