UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Michael Trupei,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | Civil Action No. 06-0978D8PLF |
| v. ) | |
| ) | |
| **United States Department** ) | |
| **of the Navy, et al.,** ) | |
| ) | |
| **Defendants** ) | |

## DECLARATION OF ROBERT L. WOODS

I, Robert L. Woods, am over the age of 18, have personal knowledge of the facts set forth below, and am otherwise competent to testify.

1. I am a supervisory attorney in the Office of the General Counsel, Department of the Navy (DON), and am currently assigned as the Counsel for the DON Office of Civilian Human Resources (OCHR). I have been in this position since March 2003. Among my other responsibilities, I am designated as the Denial Authority for Freedom of Information Act (FOIA) matters for the entire OCHR organization, including the Human Resource Service Center – Northwest (HRSC-NW), in Silverdale, WA.

2. I have communicated with my former subordinate, Anthony Verducci, Esq., who handled FOIA issues at OCHR in 2005 and have searched OCHR records for information relating to the June 10, 2005, FOIA request by Michael Trupei (Plaintiff) for the "letter of appointment" for Naval Criminal Investigative Service (NCIS) employee, Kevin M. Ashcroft (letter of appointment).

3. As a result of the above captioned litigation, I have been informed that on July 5, 2005, Stephen Armstrong of the DON's HRSC-NW informed Mr. Verducci that he searched for and was unable to find a "Letter of Appointment" of the type requested by plaintiff in Mr. Ashcroft's Official Personnel File (OPF), and asked for advice about what further action Mr. Verducci recommended. Mr. Verducci informs me that he does not recall receiving such a request and I found no record of the request or of any response by Mr. Verducci to Mr. Armstrong's request of July 5, 2005, in our files.

4. Letters of appointment and similar documents are not maintained at OCHR for NCIS employees, such as Mr. Ashcroft. If a "Letter of Appointment" of the type requested by plaintiff does exist for any employee or officer, it is maintained in the individual's OPF. Mr. Ashcroft's OPF was/is maintained at HRSC-NW.

5. Upon litigation review in the above-captioned action, a supplemental search of Mr. Ashcroft's OPF was conducted. The Navy has construed Mr. Trupei's request as a request for a copy of the Standard Form (SF) 61, "Affidavit of Appointment." This form is used throughout the Federal government, including the DON, to memorialize, among other things, the oath of office required by 5 U.S.C. § 3331 and required to be maintained by the employing agency pursuant to 5 U.S.C. § 2906 (this provision was specifically cited in Plaintiff's FOIA request). Our searches, then and now, revealed that there is no SF-61 in Mr. Ashcroft's OPF.

Pursuant to 28 U.S.C. Section 1746 (2), I declare and affirm under the penalty of perjury that the foregoing Declaration is true and correct to the best of my knowledge and belief.

Executed this 6th day of September, 2006.

*Robert L. Woods*
Robert L. Woods
Counsel
Office of Civilian Human Resources