UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael Trupei, pro se )
R12743-004 )
FCC-Coleman Medium Security Prisons )
P.O. Box 1032 )
Coleman, Florida 33521-1032, )
)
      Plaintiff, )
)
vs. )  Civil Action No.: 1:06-cv-978 (PLF)
)
DEPARTMENT of the NAVY, )
)
      Defendant. )

RECEIVED
DEC 4 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
MOTION for SUMMARY JUDGMENT, **VERIFIED**

    PLAINTIFF, the Michael Trupei (Plaintiff), appearing specially and not generally and hereby respectfully objects before this Honorable Court (Court) to Defendant's DEPARTMENT of the NAVY's (Defendant) Motion for Summary Judgment (Motion) brought forth under Fed.R.Civ.P., Rule 56(c) as there are genuine issues of material facts still in dispute as Plaintiff addresses them hereinbelow, to wit:

    Plaintiff, an inexperienced layperson seeks liberal interpretation of this/his objections and invokes Haines v. Kerner, 404 U.S. 519, 30 L.Ed 2d 652, 92 S.Ct 594 (1972)(pro se litigants are to be held to a lesser standard than lawyers).

    Moreover, under Neal v. Kelly, 963 F.2d 453 (D.C.Cir.1992) the Court of Appeals for this Circuit held that: "A verified complaint [or opposition] should be treated as functional equivalent of an affidavit for the purposes of opposing summary judgment." Neal at 454.

I. **Background**:

    1.) By letter-request under Freedom of Information Act (FOIA) on March 2nd, 2004, sent upon HUMAN RESOURCES SERVICE CENTER NORTHWEST (HRSCNW) 3230 Randall Way, N.W., Silverdale, WA 98383, the Plaintiff requested "oath of office" and "appointment affidavit" subject to S/A Kevin M. Ashcroft (S/A Ashcroft) an employee with Naval Criminal Investigative Service ("NCIS"). (See Compl. ¶ 5, Exh.A; see also Armstrong Decl. ¶ 3.

2.) By letter of March 11, 2004, Defendant acknowledged the receipt of Plaintiff's FOIA request of March 2nd, 2004, whereby it advised that: "A search of our files has produced no documents responsive to [Plaintiff] request," and it further advised that Plaintiff may within 60 days appeal Defendant's adverse determination. (See Compl. at 2, exhibit-B, attached thereto).

3.) By letter delivered via U.S. Mail to Defendant on March 16th, 2004, Plaintiff promptly appealed the Defendant's denial of the requested information. (See Compl., p.3).

4.) On may 7th, 2004, Defendant responded to Plaintiff's March 16th, 2004 administrative appeal and notice, advising him that Defendant HRSCNW conducted a thorough search of the "Official Personnel Folder" (OPF) pertaining to S/A Ashcroft and without locating the requested Standard Form-61 (SF-61) which denotes "oath of office" and "appointment affidavit" and that its letter constitutes a final decision. (See Compl., p.3, exh. D).

5.) Thereafter on June 10th, 2005, Plaintiff submitted his second FOIA request upon Defendant HRSCNW, requesting a "letter of appointment"[1] which preceeds "Notice of Personnel Action" under 5 U.S.C. § 2105 and confirms S/A Ashcroft's entry into the Federal Civil Service employment position. (See Compl., p. 3, exh. E, attached thereto).

6.) On July 5th, 2005, the Defendant responded, advising Plaintiff that: "Our office is in receipt of your June 10th, 2006 letter, requesting a document under FOIA, 5 USC, § 552, and that a search of our files has produced no documents responsive to your request." Defendant further advised that Plaintiff's request is being forwarded upon "the Office of Civilian Human Resources, Office of Counsel, 614 Sicard Street, S.E., Suite 100, Washington Navy Yard, D.C., 20374-5072 for further consideration." (See Compl., p. 3, exh. F, attached thereto).

---

[1] The "letter of appointment" (letter) is a simple letter, denoting the first step of a Federal appointment by and through a superior officer empowered to appoint an appointee to the respective Federal Civil Service position, and it primarily expresses his/her salary per annum therein. Said letter, however, is required (see, e.g., exhibit-1, attached hereto) prior to the issuance of a SF-61. After the execution of that form, SF-50 must be implemented so as to assure the appointee's bona fide Federal employment. Anything less of the foregoing three (3) steps, makes a fraud upon the Federal Government, and more, by the appointee's non-compliances with the Federal Civil Service provisions. See also, Civil Service Commission on SF-50 as set out on Federal Personnel Manual.

7.) Nevertheless, however, "the Office of Civilian Human Resoursces, Office of Counsel at 614 Sicard Street, S.E., Suite 100, Washington Navy Yard, D.C., 20374-5072" failed to acknowledge Plaintiff's forwarded FOIA request of June 10th, 2005 for the "letter of appointment" (see exhibit-E, attached hereto), pertaining to S/A Ashcroft, thereby violating FOIA's twenty (20) working days response provision under 5 U.S.C. § 552(a)(6)(A)(ii), as amended.

8.) On May 4th, 2006, Plaintiff filed his FOIA Civil Action No.: 1:06-cv-978 (PLF) with this Court.

## II. Standard of Review:

Summary judgment is appropriate when there is "no genuine issue to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P., Rule 56(c). The FOIA requires a federal agency to release all records responsive to a request except those protected from disclosure by one or more of nine enumerated exemptions. See 5 USC § 552(b). This Court has jurisdiction under the FOIA "to enjoin Department of the Navy from witholding the requested records or to order any agency records improperly witheld from the Plaintiff. 5 U.S.C. § 552(a)(4)(B). See Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 139, 100 S.Ct 960, 63 L.Ed 2d 267 (1980). The Court may award summary judgment in a FOIA case solely on the information provided in affidavits or declarations when the affidavits or declarations describe "the justification for non-disclosure with reasonably specific detail, demonstrate that the information witheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency's bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C.Cir.1981); See also Vaughn v. Rosen, 484 F.2d 820, 826 (D.C.Cir.1973), cert. denied, 415 U.S. 977, 94 S.Ct 1564, 39 L.Ed 2d 873 (1974).

In this case, however, Defendant moves for summary judgment on the ground that it was unable to locate the documents responsive to the Plaintiff's request. Plaintiff objects to Defendant's claimed non-finding on adequacy of its search by and through other systems of records other than its Official Personnel Folder (OPF) that covers S/A Ashcroft's "letter of appointment", Standard Form-61, and Standard Form-50.

## ARGUMENT

### III. Adequacy of the Defendant's Search, and Objections to its Declaration's

To obtain summary judgment the agency **must** show that it made a **good faith** effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested. <u>Oglesby v. United States Dep't of Army</u>, 920 F.2d 57, 68 (D.C.Cir.1990), citing <u>Weisberg v. United States Department of Justice</u>, 745 F.2d 1476, 1485 (D.C.Cir.1984); See also <u>Weisberg v. United States Department of Justice</u>, 707 F.2d 1344, 1351 (D,C.Cir.1983). [T]he agency cannot limit its search to only one record system if there are others that are likely to turn up information requested. <u>Oglesby</u>, <u>Id</u>., at 86. See also <u>Valencia-Lucena v. United States Coast Guard</u>, 180 F.3d 321 at 28 (D.C.Cir.1999) ([it] "cannot limit its search to only one more places if there are additional sources that are likely to turn up the information requested." <u>Id</u>.) In the instant case, the supposed searches were not sufficient to overcome the presumtion of good faith accorded by Defendant's declarations. The declarations by Stephen Armstrong (Armstrong's Decl.) at the United States Navy Human Resources North West (HRSCNW) and Robert L. Woods (Woods' Decl.) an attorney at Office of the General Counsel, U.S. Department of the Navy merely state that they searched the "Official Personnel Folder" (OPF) in which the requested records/documents, namely "<u>oath of office</u>" (SF-61) and "<u>letter of appointment</u>", a simple letter (see, e.g., <u>exhibit-1</u>, attached hereto), pertaining to S/A Ashcroft might be found. They, however, failed to search other systems of records, means that Defendants' search was grossly inadeqate, as it had utilized only its OPF file system to locate Plaintiff's requested "<u>oath of office</u>" and "<u>letter of appointment</u>" despite the availability of other indices[2]

---

[2] In Mr. Armstrong's declaration on page one (1) at ¶ 2, wherein he states to wit: "...I make in this declaration derive from my direct review of agency **files**, ...." He uses plural noun as to the word "files" whereby on p. 2 of the same there he utilizes singular reference to it, to wit: "I conducted a reasonable (Plaintiff also objects to usage of the adjective "reasonable") search for documents responsive to his request by looking in Mr. Ashcroft's OPF. The OPF is the only file our Records Section maintains. Armstrong's Decl. at p. 2., ¶ 4. Thus, it appears that there were more systems of records other than OPF file in Defendant's inventory but were not searched.

which might have yielded said records. <u>Biberman v. Federal Bureau of Investigation</u>, 528 F.Supp. 1140 at 1145 (S.D.N.Y. 1982). In support of its proposition, Defendant asserts that its search for the records/documents, pertaining to S/A Ashcroft was wholly adequate. Plaintiff objects to that assertion and submits that at the very least, Defendant was required to explain, in its declarations neither of which it did, what other record system(s) within the entire system of records, besides the OPF folder, were also likely to contain the requested information. See, e.g., <u>Oglesby</u> at 68. As already stated, Defendant failed to do so. Instead it asserts that the OPF is the only available file, or folder, at the United States Human Resources Center, Northwest (HRSCNW) so described in one of its declararations of September 6, 2006 that: "...our Record Section maintains which (might) contain the requested information." <u>Armstrong Decl.</u>, at p.2, ¶ 4. The declaration, however, does not include, as it should have, any other or the "comprehensive listings of all decentralized record systems subject to administrative records of employee [that the Department of the Navy also has]." <u>Maynard v. C.I.A.</u>, 986 F.2d 547 at 562. The Armstrong Decl., only sets out, in general terms the scope by which the OPF file was supposedly searched for S/A Ashcroft's primary employment and jurisdictional protocols. It is silent about the searchings of any other or similar record system(s) that are, or might be, subject to the search that would or could have produced the responsive documents, except the "Office of Civilian Human Resources"[3] (OCHR) which mentions some evidence of the search for the responsive records. The declaration further states that the: "documents such as "<u>oath of office</u>" and

---

[3] Interestingly, however, is the fact where Armstrong Decl., on p.3, ¶ 7, states that S/A Ashcroft was first appointed on **07-20-1986**. If so, then perhaps that is the "<u>letter of appointment</u>" that Plaintiff is hereby seeking? Who knows? Other than, of course, Defendant. But that document was not produced to Plaintiff as it should have been. Plaintiff questions why the document was not produced? If Mr. Armstrong was privy of that information, he should have naturally forwarded it upon the Plaintiff, at least for the purposes to identify the venue to which he may resort this action in finding the remaining records at the Department of the Navy, as it may lead to their discoveries. Nor does Armstrong Decl., specifically indicates, although it refers to the "agency's records," the type of the records it is implying to? Since there is a strong evidence and/or presumtion that Mr. Armstrong was able to identify some sort of the responsive records (appointment date of 07-20-1986) means that there must be records, or system

(continuing on the next page...)

"appoinment affidavit" are part of a single document, [namely] Standard Form-61. See Armstrong Decl., at p. 2, note-1. And that: "[t]he form is...filed on the right side of the Official Personnel Folder when the employee is first appointed[4] [thereto]...." See Armstrong Decl., at p. 2, ¶ 4. P||aintiff submits that SF-61 is one after or below the "letter of appointment"[5] in the appointment hierarchy, and one of the four most binding documents, (see exhibit-1, attached hereto) that was required and supposedly executed by S/A Ashcroft prior of his entering into civil service employment with the Department of the Navy. Since Mr. Armstrong was unable to find said jurisdictional document, he should have got in touch with S/A Ashcroft, requesting an affidavit as to whereabouts or otherwise whether he was appointed and had thereafter executed, among other things, the required SF-61, at all. This would vectoring the search into logical direction as to the venue of the documents, and/or whether S/A Ashcroft met the requisite protocols under 5 U.S.C. §§ 2105, 3331, 3332 (SF-61), SF-50, and fidelity bond under D.C. Code § 11-1704 for the entry into the Federal employment. The requested documents herein are necessary for the employment and jurisdictional purposes, and **must** be available under 5 U.S.C. § 2906 and provided to Plaintiff. The Armstrong Decl., dwells only on the premises that he had searched the OPF folder but "did not find any documents

---

(...continuing from p. 5, note-3)
issue(s) of material facts still in dispute that need be addressed by this Court, and the Motion for Summary Judgment should be therefore denied.

4
   Plaintiff further objects to the Defendant's construction of the letter as equal to SF-61, which by no means is it the "letter of appointment." (See Armstrong Decl., p.2, n-1). The "letter of appointment" is required under 5 U.S.C. § 2105. On the other hand, SF-61 is required under §§ 3331 and 3332 of Title 5 U.S.C., and substantially represents a writ of covenant under Article VI, oath and affirmation of the Constitution, and codified under the latter statutes, to wit:

> An officer, within 30 days **after** the effective date of appointment, shall file with the oath of office required by section 3331 of this title an affidavit that neither he nor anyone acting in his behalf has given, transferred, promised, or paid any consideration for or in the expectation or hope receiving assistance in securing the appointment. 5 U.S.C. § 3332 (Pub.L.89-554, Sep.6, 1966, 80 Stat.424)

5
   The Armstrong as well as Woods declarations, however, are trying to construe the SF-61 as the "letter of appointment" which is absolutely not. The SF-61 is the next step towards the Federal empßloyment, and that step is effected by the execution of it, as required
                                                (continuing on the following page...)

responsive to [Plaintiff's] FOIA request." See Armstrong Decl., p. 2-3, ¶ 5. Plaintiff objects to Mr. Armstrong's limited modus operandi of the search, because the search was not conducted in its entirety by and through every system of such personnel records and/or organizational files outside the OPF folder, and Plaintiff also has no firsthand knowledge whether Mr. Armstrong has indeed searched three (3) times manually S/A Ashcroft's OPF folder, or for that matter, whether he searched it at all, as Plaintiff was not present when Mr. Armstrong or otherwise Mr. Woods did so, and therefore he doubts their veracity of the search.

Still, Defendant asserts that the "Department of the Navy's Human Resources Office has experienced many changes.... See Armstrong Decl., at p. 3, ¶ 7. The declaration, however, does not say what changes, if any, were made. It appears then, this is just a short shrift by Defendant for supposedly not been able to locate S/A Ashcroft's "oath of office."[6] It further states that "in 2001, the HRSCNW inherited [S/A] Ashcroft's OPF from the HRSC Capitol region.... See Armstrong Decl., at p. 4, ¶ 7. Once again Plaintiff objects and submits that Defendant is searching for a justification of its non-production of the requested records, blaming in part, the relocation of the employment files from HRSC to HRSCNW and that relocation may have lost the SF-61 and the "letter of appointment"[7] pertaining to S/A Ashcroft. See Armstrong Decl., at p.4, ¶ 7.

---

(...continuing from the previous page, note-5)
by a person authorized under 5 U.S.C. § 2903(a)(b) and (c), or by a respective public notary, that a SF-61, inter alia, must be completed, as it is so required for a lawful/ legal entry into the Federal employment. Anything less is just a wishful thinking, and denotes a fraud and deceit by S/A Ashcroft upon the Federal corporation, defendants....

6
The requirement of Oath of Office is not mere technicality. Its administration, in legal form, is regarded not only as the highest test of truth, but an instrument appropriated by the law for the ascertainment of the truth in judicial investigation.... Thus, the function of an oath is to bind conscience of the speaker at the time what he [she] says will deeply affect the rights of an individual. 58 AMJur., p.876-77, § 5.

7
The officers of the law in the execution of process are obliged to know the requirement of the law and if they mistake them, whether through ignorance or design, and anyone is harmed by their error they must respond in damages. Rogers v. Marshall, (United States use of Rogers v. Conklin, 1 Wall, U.S. 644, 17 L.Ed 714.

Plaintiff objects to that reasoning also, because the OPF folder subject to S/A Ashcroft still exists. Only the SF-61 and the "letter of appointment" (see exhibit-1, attached hereto), that were allegedly once stored within the OPF folder, is/are now absent therefrom. Plaintiff challenges Defendant's rationale as to how could that be possible? One reason as to why the requested records, supposedly missing, is because someone intentionally had removed them from the folder, or better yet, they were willfully witheld from the disclosure to Plaintiff as he has no means to actually, or in the truest sense, verify Defendant's search for the records.

The Defendant further asserts that: "...it is common for an OPF, especially an old one which has moved from servicing HRO to HRO [whatever that means] to be missing the SF-61." See Armstrong Decl., at p. 4, ¶ 7. Plaintiff objects to that reasoning because Defendant does not provide any evidence in support of its commonality claim. Absent showing that an "old" SF-61 is usually "missing" from the OPF folder, and without any detail in Defendant's both declarations, as so required for the purposes of summary judgment, that theory is laughable at best, as it makes no sense whatsoever and thus it should not stand. To counter the commonality theory further, Plaintiff submits that many a time in the past he had requested SF-61 and similar documents from different agencies, other than this, and had received much older issuances of such documents than S/A Ashcroft's one of 1986. (See exhibit-2, attached hereto). Thus, to say, that it is "common" for an older OPF, or for that matter SF-61, to be missing, that proposition is so absurd that it should not deserve any attention, and this Court should not award Defendant's dispositive motion on that ground, and order Defendant the production of responsive records, or at the very least order it a further search for them, that Plaintiff is still seeking.

Plaintiff asserts that in this matter the due dilligence of the Defendant's search, so required under FOIA, was not met in this case, at all. Because the "missing" SF-61 and the "letter of appointment" are, more likely than not, to be found in another

personnel file within the system(s) of records at the DON. Again, and quite clearly, this Court should order Defendant further search for the requested and/or responsive records, and deny the summary judgment beased on Defendant's inadequate search.

### IV. Failure to Respond to Plaintiff's FOIA Appeal, Violates 5 U.S.C. § 552(a)(6)(A)(ii), as amended

Finally, Plaintiff submits that Defendant "Office of General Counsel, Department of the Navy" failed to respond within twenty (20) working days pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), as amended. Defendant at HRSCNW asserts that the request of June 10, 2005 was forwarded upon the "Office of Civilian Human Resources, Office of Counsel, 614 Sicard Street SE, Suite 100, Washington Navy Yard, D.C. [], 20374-5072, for further consideration." (See Compl., at p. 3, ¶ 9, exhibit-F, attached thereto; Armstrong Decl., ¶ 6; and Woods Decl., at ¶ 3.) Plaintiff submits that the Defendant "Office of Civilian Human Resources" had knowingly failed to respond to the forwarded FOIA request to Plaintiff, which is contrary thereunder, thereby OCHR acted arbitrarily, capriciously, inter alia, breached contract for not responding to the forwarded request, causing Plaintiff injury and harm, and this Court should sanction Defendant for doing so, consistent within the prayers in Plaintiff's Complaint. See Compl., at p. 6.

### CONCLUSION

Other thab supposed search of the OPF folder, Defendant failed to adequately pursue the entire personnel file at the Department of the Navy for all the records pertinent to Plaintiff's request. In its declarations, the Defendant's information, about the search was not sufficiently explained and it appears that was drafted in bad faith (e.g., none response alone is showing of a bad faith). Should for some reason or another the requested records could not be had, means that S/A Ashcroft does not meet the standard of a bona fide Federal civil service employment status. And as such, he is/was acting as a privateer within Department of the Navy, all in violations of the Constitution's Art., II, § 2, Cl. 2, and Art., VI., "oath and affirmation" clause, resulting

in all of his past and present actions as fraudulent and deceitful, and thus <u>null</u> and <u>void ab initio</u>, to say the least. Once again, the genuine issues of material fact are here still in dispute. This Court should deny Defendant's summary judgment motion in every respect, and order it further search for the records/documents hereby still been sought, as they **must** be obtainable elsewhere within the Department of the Navy's file system(s), particularly in light of the fact that the Defendant was able to locate S/A Ashcroft's appointment date of 07-20-1986. <u>See</u> Armstrong Decl., at p. 3, ¶ 7., and for such other and further relief as this Honorable Court deems just, equitable, and proper.

Respectfully submitted,

*/s/ Michael Trupei*
Michael Trupei, <u>pro se</u>

## CERTIFICATE of SERVICE

I, HEREBY CERTIFY that this/my "Objections to Defendant's Summary Judgment Motion" have been delivered to the institutional "RD" for the purposes to be forwarded via U.S. Mail, first class, upon the following:

United States Department of Justice
District of Columbia
AUSA Megan Rose
555 Fourth Street, N.W.,
Washington, D.C. 20530

*/s/ Michael Trupei*
Michael Trupei, <u>pro se</u>

## VERIFICATION

Pursuant to 28 U.S.C. § 1746 of the United States Code I, Michael Trupei do hereby verify, or state, under penalty of perjury that this/my Objections are to the best of my knowledge, true, correct, certain, and complete.

Done on: *November 29th*, 200 *6*    By: */s/ Michael Trupei*
Michael Trupei, <u>pro se</u>



U.S. Department of Justice

Office of the Deputy Attorney General

*Attorney Personnel Management*

**EXHIBIT-1**

Washington, D.C. 20530

Honorable Robert W. Merkle
United States Attorney
Middle District of Florida
Tampa, Florida

Dear Mr. Merkle:

    This refers to your recommendation for the appointment of _____ as Assistant United States Attorney for the Middle District of Florida.

    _____ is appointed at a salary of $42,100 per annum. You are therefore authorized to place _____ on duty. It is necessary for us to have the Appointment Affidavit before a SF-50 can be issued.

    Please extend to _____ congratulations on _____ appointment. I am certain that under your leadership _____ will find both success and satisfaction in _____ work.

                              Sincerely,

                              Brian E. Meyers
                              Deputy Director
              Office of Attorney Personnel Management

**EXHIBIT-1**

STANDARD FORM 61
REVISED SEPTEMBER 1970
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61-107

OMB APPROVAL NO. 50-R0118

# APPOINTMENT AFFIDAVITS

### EXHIBIT-2

| CRIMINAL INVESTIGATOR GS-1811-7 | 05-20-74 |
|---|---|
| (Position to which appointed) | (Date of appointment) |

DEPT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION, NY REGION, 555 WEST 57TH ST., NEW YORK, NY

(Department or agency)   (Bureau or division)   (Place of employment)

I, __MARK J. BUMAR__, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*Mark J. Bumar*
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this __20__ day of __MAY__ A.D. 19__74__,

at __NEW YORK__                              __NEW YORK__
     (City)                                      (State)

[SEAL]
206 ACT OF 23 JUN 43
Commission expires_____          (Signature of officer)
(If by a Notary Public, the date of expiration    Acting Regional Director
of his Commission should be shown)              (Title)

NOTE.—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

GPO : 1970 O - 408-925

EXHIBIT-2