## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHAEL TRUPEI,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.  06-0978 (PLF)** |
| | ) | |
| **U.S. DEPARTMENT OF THE NAVY**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant United States Department of the Navy, by and through the undersigned

counsel, respectfully submits this Reply in support of Defendant's Motion For Summary

Judgment.

### INTRODUCTION

Plaintiff, a *pro se* federal prisoner, brought this civil action pursuant to the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, with regard to

the processing of Plaintiff's FOIA requests by the Department of the Navy.  See Compl., Docket

Entry No. 1; see also Def. Motion, Docket Entry No. 10.  Plaintiff's complaint seeks the "oath of

office," "officer affidavit," and "letter of appointment" for Kevin M. Ashcroft, Special Agent,

Naval Criminal Investigative Service ("N.C.I.S.").  Compl. at 1.

On October 4, 2006, Defendant moved for summary judgment, and on December 4, 2006,

Plaintiff responded to Defendant's Motion and filed his Opposition.  See Docket Entries # 10,

13.  However, nothing in Plaintiff's Opposition disputes the arguments set forth in Defendant's

Motion For Summary Judgment, nor does it remedy Plaintiff's failure to raise a genuine issue of

material fact concerning the propriety of Defendant's actions.  In fact, Plaintiff's opposition largely concedes Defendant's motion for summary judgment.  Plaintiff fails to dispute any of Defendant's Statement of Material Facts Not In Genuine Dispute and, instead, simply speculates that the requested documents "must be obtainable elsewhere within the Department of Navy's file system(s)."  Pl. Opp. at 10.  Because Plaintiff's Opposition fails to support his claims and fails to meet his burden of showing that there are genuinely disputed issues of material fact sufficient to survive Defendant's Motion For Summary Judgment, Plaintiff's claims should be dismissed and summary judgment for Defendant granted.  See Fed. R. Civ. P. 56(c).

## ARGUMENT

### I.    Plaintiff's Burden In Opposing Summary Judgment

A party may defeat a properly-supported summary judgment motion only by providing a "response, by affidavits or as otherwise provided in this Rule, [setting] forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  Rule 56(e) directs that summary judgment "*shall* be entered against the adverse party" if that party fails to raise a genuine issue for trial (emphasis added).  See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("a party who fails to make a showing sufficient to establish the existence of an element essential to establish that party's case, and on which that party will bear the burden at trial" cannot withstand a motion for summary judgment).  If the non-movant's evidence is "merely colorable, or is not significantly probative, summary judgment may be granted."  Liberty Lobby, 477 U.S. 249-50 (internal citations omitted).  The non-movant may not manufacture

genuine issues of material fact on the basis of "some metaphysical doubt as to the material facts,"

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or with

"conclusory allegations" or "unsubstantiated assertions."  Little v. Liquid Air Corp., 37 F.3d

1069, 1075 (5th Cir. 1994).  See also Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999)

(accepting plaintiff's "conclusory allegations . . . would defeat the central purpose of the

summary judgment device, which is to weed out those cases insufficiently meritorious to warrant

the expense of a jury trial."); Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir.1993).

    In this case, Plaintiff has utterly failed to meet his burden in opposing Defendant's

Motion For Summary Judgment, and the Court should grant summary judgment for Defendant.

See Fed. R. Civ. P. 56.

## II.    Plaintiff's Opposition Concedes His Claims.

    First, Plaintiff fails to dispute any of Defendant's Statement of Material Facts Not In

Genuine Dispute.  See Pl. Opp.  Accordingly, these facts are sufficient, in and of themselves, to

rebut all of Plaintiff's claims in this case, and Defendant is entitled to judgment as a matter of

law.  See, e.g., Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151-

54 (D.C. Cir. 1996)(summary judgment appropriate where plaintiff conceded the movant's

statement of material facts and such facts were "adequately supported by the record").

    Second, Plaintiff's Opposition fails to address adequately all of the arguments raised by

Defendant's Motion.  See Pl. Opp.  It is well settled in this Circuit that when a plaintiff files an

opposition addressing only certain arguments raised by the defendant, "a court may treat those

arguments that the plaintiff failed to address as conceded." Hopkins v. Women's Div., General

Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) (citing FDIC v. Bender, 127

F.3d 58, 67-68 (D.C. Cir. 1997); see also Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002); Stephenson v. Cox, 223 F. Supp.2d 119, 121 (D.D.C. 2002). Additionally, "[a] plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of either" a motion to dismiss or a motion for summary judgment. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Plaintiff's Opposition argues only that "Defendant's search was grossly inadequate," because Defendant did not search "every system of such personnel records and/or organizational files." Pl. Opp. at 4, 7. Yet Plaintiff does not provide support for his assertions that an "oath of office," "letter of appointment," or any similar document is "more likely than not to be found in another personnel file within the system(s) of records at the DON," and "must be available." Pl. Opp. at 6, 8-9. Plaintiff fails to dispute any of Defendant's evidence concerning the adequacy of its searches. Because Plaintiff's bare conclusions of law and sweeping and unwarranted averments of fact are insufficient to survive Defendant's Motion For Summary Judgment, Plaintiff's claims should be dismissed.

Moreover, although Plaintiff attempts to challenge the adequacy of Defendant's searches, Plaintiff effectively concedes that the requested records could not be found. Pl. Opp. at 8. He speculates that "[o]ne reason as to why the requested records, supposedly missing, is because someone intentionally had removed them from the folder, . . ." Id. Therefore, Plaintiff apparently does not dispute that Defendant conducted reasonable searches and simply could not locate any document resembling the documents requested. Plaintiff's speculation and conclusive assertions fail to create a genuine issue of material fact, and Defendant is entitled to judgment as a matter of law.

4

## III.    Defendant Satisfied Its Obligations Under The FOIA.

As demonstrated by the declarations of Stephen Armstrong, United States Navy Human Resources Center Northwest (HRSCNW), and Robert L. Woods, Supervisory Attorney, Office of the General Counsel, Department of the Navy, and accompanying exhibits, Defendant conducted reasonable searches and no documents were improperly withheld from Plaintiff.  See Armstrong Decl.¶¶ 3-9; Woods Decl. ¶¶ 3-5.  Thus, there are no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).

Defendant met its burden to establish that it "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  Oglesby v. U.S. Dept. of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see also SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  On three separate occasions, Defendant reasonably searched those systems in which it believed responsive records were likely to be located.  See Ogelsby, 920 F.2d at 68;  Decl. ¶ 26.  Specifically, after receiving Plaintiff's March 2, 2004 FOIA request for the "oath of office" and "officer affidavit" for Special Agent Kevin M. Ashcroft, the United States Navy Human Resources Center Northwest ("HRSCNW") searched for documents responsive to his request by looking in the only file likely to contain such documents, Special Agent Ashcroft's OPF.  See Armstrong Decl. ¶¶ 4-5, 8; see also Woods Decl. ¶ 5.  According to the Armstrong Declaration, an oath of office or appointment affidavit are part of a single document, the Standard Form 61 ("SF 61"),[1] which is usually filed in the employee's Official Personnel Folder ("OPF").  See Armstrong Decl. ¶ 4; Woods Decl. ¶ 5

---

[1]    See Standard Form 61, "Appointment Affidavit," showing position to which appointed and date of appointment; accord ¶ A ("Oath of Office:  I will support and defend the Constitution of the United States against all enemies . . ."); reproduced at www.opm.gov/forms/pdf_fill/SF61.pdf.

Id.  In this case, the HRSCNW is the custodian of Special Agent Kevin M. Ashcroft's OPF.  See

Armstrong Decl. ¶ 5.  Consequently, an employee of the HRSCNW, Mr. Stephen Armstrong,

personally conducted a manual search of its files, touching and examining each page of each

document within Special Agent Ashcroft's OPF in order to determine whether or not the

requested "oath of office" or "officer affidavit" was located there.  See Armstrong Decl. ¶ 5.  Mr.

Armstrong did not find any documents responsive to Plaintiff's FOIA request.  Id.

   Defendant then conducted a second search when, by letter dated June 10, 2005, it

received from Plaintiff another FOIA request, which was substantially similar to Plaintiff's

March 2, 2004 FOIA request.  Again, Mr. Armstrong searched Special Agent Ashcroft's OPF for

any responsive documents because a "letter of appointment," if in existence at all, would be

located in the individual's OPF.  See Armstrong Decl. ¶ 6.  Mr. Armstrong conducted a manual

search of the file, but once again, he found no documents responsive to Plaintiff's request.  Id.

Out of an abundance of caution, and in an effort to verify that no other location might

reasonably contain responsive documents, the HRSCNW requested guidance from the Office of

Civilian Human Resources, Office of Counsel, which oversees the HRSCNW's FOIA matters.

See Armstrong Decl. ¶ 6, Exh. 4, 5.  That office is not required to participate in communications

between the HRSCNW and FOIA requesters, and no record of communication between the two

offices exists.  However, the Declaration of Mr. Robert Woods confirms that letters of

appointment and similar documents are not maintained at the Office of Civilian Human

Resources for NCIS employees, such as Special Agent Ashcroft.  See Woods Decl. ¶¶ 3-4.  The

Woods Declaration reiterates that if a "letter of appointment" of the type requested by plaintiff

exists for any employee or officer, it is maintained in the individual's OPF.  Id. ¶ 4.

On August 30, 2006, upon litigation review, Defendant conducted a third search of

6

Special Agent's OPF file and found neither a letter of appointment as described by Plaintiff in his

June 10, 2005 FOIA request, nor did it find an SF 61 or any oath of office or appointment

affidavit of any other description.   See Armstrong Decl. ¶ 8; Woods Decl. ¶ 5.

Plaintiff altogether fails to dispute that Defendant conducted three reasonable searches for

responsive records.  Instead, Plaintiff alleges that he "has no firsthand knowledge whether Mr.

Armstrong has indeed searched three (3) times manually S/A Ashcroft's folder," and that because

he was not present for the searches, he "doubts their veracity."  Pl. Opp. at 7.  Plaintiff further

challenges the adequacy of Defendant's searches by speculating that there must be some "other

or similar record system(s) that are, or might be, subject to the search that would or could have

produced the responsive documents."  Pl. Opp. at 5.  However, as set forth in Defendant's

Motion For Summary Judgment, it is insufficient for a requester to attempt to rebut agency

affidavits with purely speculative claims.  See Carney v. Department of Justice, 19 F.3d 807, 813

(2d Cir. 1994), cert. denied, 513 U.S. 823 (1994); SafeCard Servs., 926 F.2d at 1200.

Moreover, an agency is not required to search every record system, but need only search

those systems in which it believes responsive records are likely to be located.  Ogelsby v. U.S.

Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  Even when a requested document indisputably

exists or once existed, summary judgment will not be defeated by an unsuccessful search for the

document so long as the search was diligent.  Nation Magazine, 71 F.3d at 892 n.7.  The mere

fact that a document once existed does not mean that it now exists; nor does the fact that an

agency created a document necessarily imply that the agency has retained it.  Maynard v. CIA,

982 F.2d 546, 564 (1st Cir. 1993).  Therefore, Plaintiff's speculation that the requested

documents "must" exist somewhere fails to provide any facts sufficient to defeat Defendant's

Motion For Summary Judgment.

Finally, Plaintiff's speculation about records systems that may be located elsewhere within the Department of the Navy fails to dispute the reasonableness of Defendant's searches. Although an agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested, see Oglesby, 920 F.2d at 68, the declarations provided by Defendant establish that Special Agent Ashcroft's OPF was the only file likely to contain the requested documents.  See Armstrong Decl. ¶¶ 4-5, 8.  When a requester states that he wants all agency records, regardless of their location, but fails to direct the agency's attention to any particular office other than the one receiving the request, then the agency "need pursue only a lead . . . that is both clear and certain."  See, e.g., Kowalczyk v. Dept. of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996).

In this case, Plaintiff directed both his March 2, 2004 and June 10, 2005 FOIA requests, seeking the "oath of office," "officer affidavit," and a "letter of appointment" for Special Agent Kevin M. Ashcroft, to the HRSCNW.  See Compl. ¶¶ 5, 9, Exh. A, E; see also Armstrong Decl. ¶ 3 and Exh. 1, 2.  Documents such as those requested by Plaintiff, if in existence at all, are maintained in the individual employee's OPF.  See Armstrong Decl. ¶ 6; Woods Decl. ¶¶ 3-4. The HRSCNW is the custodian of Special Agent Kevin M. Ashcroft's OPF.  See Armstrong Decl. ¶ 5.  Accordingly, Defendant's actions were entirely reasonable, when in an effort to locate responsive documents, Defendant conducted manual searches of Special Agent Kevin M. Ashcroft's OPF.

Defendant acted in good faith and met its obligations under the FOIA.  Because Defendant conducted reasonable searches for records and did not improperly withhold any responsive records, the Court should grant summary judgment for Defendant.

**CONCLUSION**

For all of the foregoing reasons and the reasons stated in Defendant's Motion For

Summary Judgment, Defendant respectfully requests that the Court grant summary judgment for

Defendant.  <u>See</u> Fed. R. Civ. P. 56(c).


Dated: December 14, 2006

Respectfully submitted,


\_/s/_____
JEFFREY A. TAYLOR, DC Bar # 498610
United States Attorney


\_/s/_____
RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney


\_/s/_____
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-7220

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing **Reply** was served upon plaintiff by depositing a copy of it in

the U.S. Mail, first class postage prepaid, addressed to:

> **MICHAEL TRUPEI**
> **R12743-004**
> **FCC-Coleman Medium Security**
> **P.O. Box 1032**
> **Coleman, FL 33521-1032**

on this __14th__ day of December, 2006.


_____
MEGAN ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530