UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MICHAEL TRUPEI,                     )
                                    )
            Plaintiff,              )
                                    )
      v.                            )  Civil Action No. 06-0978 (PLF)
                                    )
UNITED STATES                       )
DEPARTMENT OF THE NAVY,             )
                                    )
            Defendant.              )
_____)


MEMORANDUM OPINION

        In this action brought under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, plaintiff challenges the Department of the Navy's failure to produce the "oath

of office" and "appointment affidavit" for Special Agent Kevin M. Ashcroft that he requested

by letter of March 2, 2004, and Ashcroft's "letter of appointment" that he requested by letter

of June 10, 2005.  Defendant moves for summary judgment.  Upon consideration of the

parties' submissions and the entire record, the Court will grant defendant's motion and enter

judgment accordingly.

I. BACKGROUND

        Defendant's Statement of Material Facts [Dkt. No. 15-5], supported by the

Declarations of Stephen Armstrong ("Armstrong Decl.") and Robert L. Woods ("Woods

Decl."), is substantially undisputed.  In response to each of plaintiff's requests, Armstrong

conducted a manual search of Ashcroft's "Official Personnel File ("OPF")."  Armstrong

Decl. ¶¶ 4-6.  Armstrong conducted a third manual search of the same file in August 2006,

during the course of this litigation.  Id. ¶ 8.  None of the searches yielded responsive records.

## II.  DISCUSSION

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.  In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see also Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).

The Court's jurisdiction under the FOIA extends only to claims arising from the improper withholding of agency records. McGehee v. CIA, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980)).  An agency is required to produce only those records in its custody and control at the time of the FOIA request. Id., 697 F.2d at 1110.  When, as here, responsive records are not located, the Court must determine whether the agency conducted an adequate search for records.  A search is adequate if the agency demonstrates "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983); see Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325-26 (D.C. Cir. 1999); Blanton v. U.S. Dep't of Justice, 63 F. Supp.2d 35, 40-41 (D.D.C. 1999).  "Once the agency has shown that its search was reasonable, the burden shifts to [plaintiff] to rebut [defendant's] evidence by a showing that the search was

not conducted in good faith." Moore v. Aspin, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing

Miller v. U.S. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985)).  Summary judgment is

inappropriate "if a review of the record raises substantial doubt" about the adequacy of the

search.  Valencia-Lucena v. U. S. Coast Guard, 180 F.3d at 326  (citing Founding Church of

Scientology v. National Security Agency, 610 F.2d 824, 837 (D.C. Cir. 1979)).

       Plaintiff asserts that defendant's search of Agent Ashcroft's personnel file "was

grossly inadequate" because the search did not include "other systems of records."  Plaintiff's

Objections to Defendant's Motion for Summary Judgment, Verified at 4.  He contends that

defendant's declarations should have explained "what other record system(s) within the entire

system of records, besides the OPF folder, were also likely to contain the requested

information."  Id. at 5.

       To the contrary,  "[w]hen [as here] a request does not specify the locations in

which an agency should search, the agency has discretion to confine its inquiry to a central filing

system if additional searches are unlikely to produce any marginal return; in other words, the

agency generally need not search every record system." Campbell v. Dep't of Justice, 164 F.3d

20, 28 (D.C. Cir. 1998) (citation omitted).  Because the agency is the possessor of the records and

is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit,

setting forth the search terms and the type of search performed, and averring that all files likely to

contain responsive materials (if such records exist) were searched." Valencia-Lucena v. United

States Coast Guard, 180 F.3d at 326 (citations omitted).  Such a declaration is accorded "a

presumption of good faith," Long v. U.S. Dep't of Justice, 450 F. Supp.2d 42, 54 (D.D.C.

2006) (citation and quotation omitted), which is rebuttable only by the proffering of "evidence

sufficient to put the Agency's good faith into doubt." Ground Saucer Watch, Inc. v. C.I.A., 692 F.2d 770, 771 (D.C. Cir. 1981).

In defendant's supporting declaration, Mr. Armstrong reasonably explains that the "OPF is the only file our Records Section maintains which might contain the requested information" because the oath of office and appointment affidavit are part of "a single document, the Standard Form ["SF"] 61," which, by OPM guidelines, is filed on the right side of an employee's OPF at the time of his appointment.[1]  Armstrong Decl. ¶ 4.  Similarly, "[i]f a 'Letter of Appointment' . . . exist[s] for any employee or officer, it is maintained in the individual's OPF."  Woods Decl. ¶ 4.  Defendant searched its personnel files at Human Resources Center Northwest because it "is the custodian of Mr. Ashcroft's OPF."  Armstrong Decl. ¶ 5.  Specifically, Armstrong "touched and examined each page of each document" in Ashcroft's OPF to locate responsive records.  Id.  Mr. Armstrong  surmises that the requested records may be "missing" because of "many changes" the personnel office has experienced since Ashcroft's appointment on July 20, 1986, including the "regionalization and establishment of [his office] in 1997" and its inheritance of Mr. Ashcroft's file in 2001 from a "now-defunct HRSC Capitol Region."  Id. ¶ 7.

Armstrong's declaration describes an adequate search and provides a plausible explanation as to why no responsive records were located.  See Iturralde v. Comptroller of Currency, 315 F.3d 311, 315 (D.C. Cir. 2003) (accepting that "particular documents may have been accidentally lost or destroyed").  Plaintiff's speculation about overlooked filing

---

[1]  SF 61 is a standard employment form created by the Office of Personnel Management. See www.opm.gov/forms/html/sf.asp.

systems fails to raise "substantial doubt" about the adequacy of the search or the agency's good faith.[2]  The Court therefore concludes that defendant satisfied its obligations under the FOIA and is entitled to judgment as a matter of law.  A separate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  June 27, 2007

---

[2]  In a sur-reply, plaintiff points to "Ashcroft himself" as "[y]et another alternative source for the search," Pl.'s Surreply to Defendant's Reply in Support To His Opposition to Defendant's Summary Judgment, Verified [Dkt. No. 17] at 5, but he does not explain how Ashcroft could shed any light on the search.  To the extent that plaintiff is suggesting that defendant was obliged to seek copies of the documents from Ashcroft, he loses because documents in the possession of an agency employee typically are not agency records subject to the FOIA's disclosure requirements.  See Kalmin v. Department of Navy, 605 F. Supp. 1492, 1495 (D.C. Cir. 1985) ("[T]he fact that the agency exercises no control or dominion over [employees' personally held] materials places them beyond the scope of FOIA.") (citations omitted).