UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL TRUPEI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF THE NAVY, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-978 (PLF) |

**DEFENDANT'S OPPOSITION TO MOTION
TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

By Order dated October 30, 2007, the Clerk of the United States Court of Appeals transmitted Plaintiff/Appellant's application to proceed *in forma pauperis* on appeal to this Court. A copy of this order was served by ECF on undersigned counsel today, i.e., November 7, 2007. The Court should deny Plaintiff/Appellant's request because he is not eligible for *in forma pauperis* privileges by virtue of 28 U.S.C. § 1915(g). See Thompson v. DEA, 492 F.3d 428 (D.C. Cir. 2007) (construing the Prison Litigation Reform Act's "3-strikes" provision).

Attached are the docket sheets for three prior civil actions that Plaintiff/Appellant has brought which were dismissed by the respective district courts. These appear to constitute "strikes" under the so-called "3-strikes" provision in Section 1915(g). Also attached are a PACER printout of his various other civil actions and an order in a fourth case denying his application to proceed *in forma pauperis* on another case because the appeal was not taken in good faith.

In this case, Plaintiff/Appellant's claims rise above the frivolous only on the most

generous of interpretations: he seeks the appointment paperwork for former Attorney General John Ashcroft, theorizing that Mr. Ashcroft's appointment might have been defective in some way, but offering no evidence of any misconduct by any government official or any other form of wrongdoing. Accordingly, even if he were statutorily eligible for *in forma pauperis* privileges, the Court should exercise its discretion and deny his motion anyway. See Butler v. DOJ, 492 F.3d 440 (D.C. Cir. 2007). See also Ibrahim v. District of Columbia, 208 F.3d 1032, 1033 (D.C. Cir. 2000); Smith v. District of Columbia, 182 F.3d 25, 29 (D.C. Cir. 1999); Chandler v. D.C. Dept. of Corrections, 145 F.3d 1355, 1357 (D.C. Cir. 1998); accord Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) ("Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders to dismiss and, if so whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted.").

Accordingly, the Court should require payment of the full appellate filing fee in advance. If he does not pay the fee within a reasonable time, the Court should inform the Circuit Court of the failure to pay, and recommend dismissal of the appeal.

November 7, 2007                                Respectfully submitted,

                                                JEFFREY A. TAYLOR, DC Bar #498610
                                                United States Attorney

                                                 /s/
                                                ALAN BURCH, DC Bar #470655
                                                Assistant United States Attorney
                                                555 4th Street, N.W.
                                                Washington, DC  20530
                                                (202) 514-7204

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that service of the foregoing Defendant's Opposition to Motion To Proceed *In Forma Pauperis* on Appeal has been made by mailing a copy thereof to:

Michael Trupei
R12743-004
Corrections Corporation of America (CCA)
P.O. Drawer 30
McRae, GA 31055

on this 7th day of November 2007.

 

ALAN BURCH,  DC Bar #470655
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7204